IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **DONALD J. STUART,** | ) | **CASE NO. 1:22 CV 466** |
| | ) | |
| Plaintiff, | ) | **JUDGE DAVID A. RUIZ** |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| **LAKE COUNTY** | ) | **AND ORDER** |
| **COMMON PLEAS COURT,** *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff Donald J. Stuart, an inmate in the Richland Correctional Institution, filed this civil rights action under 42 U.S.C. § 1983 against the Lake County Common Pleas Court and the State of Ohio. For the reasons set forth herein, Plaintiff's Complaint is dismissed pursuant to 28 U.S.C. §1915(e).

I. **Background**

Plaintiff's Complaint contains no factual allegations. It is composed entirely of legal claims and conclusions. It appears Plaintiff was convicted in the Lake County Court of Common Pleas of a criminal offense. He asserts that he was wrongfully convicted, contends that the trial court violated Ohio Evidence Rules 404(B) and 702(A) during his trial, and seeks monetary damages. Plaintiff's complaint lists 54 claims, of which only nine allege federal causes of action. For those federal causes of action, the Court liberally construes Plaintiff's complaint to allege the prosecution did not turn over exculpatory evidence, the police failed to make him aware of his Miranda rights, he was denied due process and a speedy trial, his conviction was not based on sufficient evidence, he was not permitted to adequately confront witnesses, his DNA was

obtained in violation of the Fourth Amendment, he was denied the effective assistance of counsel and he was denied equal protection. The remaining causes of action arise, if at all, under state law. He seeks $ 50,000,000.00 in damages.

## II. Legal Standard and Analysis

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

As an initial matter, Plaintiff fails to state a claim upon which relief may be granted. To meet the minimum federal notice pleading requirements, the Complaint must give the Defendants fair notice of what the Plaintiff's legal claims are and the factual grounds upon which they rest. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). Although Plaintiff lists numerous legal claims and asserts that the Defendants violated his rights, he does not allege any facts to support these claims. Instead, he refers to other cases he filed in this federal court, including his habeas petition, from which the Court can derive factual content for his allegations. Neither the Court nor the Defendants, however, are obligated to search through documents filed in other cases in an attempt to glean statements to develop claims for the Plaintiff. It is Plaintiff's responsibility to organize his claims and supporting factual allegations in a coherent and manageable format. The Complaint, however, is composed solely of legal conclusions. That fails to meet the federal notice pleading requirements of Federal Civil Procedure Rule 8. *Iqbal*, 556 U.S. at 678.

Furthermore, even if Plaintiff had supplied factual allegations to support his claims, this case would be dismissed. The State of Ohio is named as a Defendant, but the Eleventh Amendment bars imposition of liability against the State in this case. *Latham v. Office of Atty. Gen. of State of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005); *Bouquett v. Clemmer*, 626 F. Supp. 46, 48 (S.D. Ohio 1985).

In addition, the Lake County Court of Common Pleas is not proper party. It is not *sui juris*, meaning it is not a legal entity under Ohio law that can sue or be sued. *See Carmichael v. City of Cleveland*, 571 F. App'x 426, 435 (6th Cir. 2014) (finding that "under Ohio law, a county sheriff's office is not a legal entity that is capable of being sued"); *Black v. Montgomery Cty. Common Pleas Court*, No. 3:18-CV-00123, 2018 WL 2473560, at *1 (S.D. Ohio June 4, 2018)

(finding Common Pleas Court was not *sui juris*). Consequently, Plaintiff's claims against the Common Pleas Court fail as a matter of law.

To the extent Plaintiff's Complaint can be construed to allege claims against Lake County, it fails to state a claim for relief. Local governments may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a *respondeat superior* theory of liability. *See Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691(1978). Instead, it is when execution of a government's policy or custom inflicts the alleged injury that the government as an entity can be held responsible under § 1983. *Id*. at 694. A municipality is therefore liable only when it unconstitutionally "implements or executes a policy statement, ordinance, regulation, or decision officially adopted by that body's officers." *Id*. at 690; *DePiero v. City of Macedonia*, 180 F.3d 770, 786 (6th Cir. 1999). Plaintiff does not allege any facts suggesting a custom or policy of Lake County resulted in the alleged deprivation of any federally protected rights.

To the extent his allegations could be construed against the Common Pleas Court Judge that presided over his case, Plaintiff again fails to state a claim for relief. Judges are absolutely immune from civil suits for money damages that are based on decisions or actions they took while presiding over a case. *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997).

Finally, Plaintiff cannot collaterally attack his conviction through an alleged civil rights action. In order to recover damages for alleged harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a section 1983 Plaintiff first must prove that the conviction or sentence was reversed on direct appeal or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). A claim for damages relating to a conviction or sentence that has not been invalidated is not cognizable under section 1983. Therefore, when a state prisoner seeks damages

in a section 1983 action, the Court must consider whether a judgment in favor of the Plaintiff would necessarily imply the invalidity of his conviction or sentence. If it would, the Complaint must be dismissed unless the Plaintiff can demonstrate that the conviction or sentence has already been invalidated. If, however, the Court determines that the Plaintiff's claims, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the Plaintiff, then the action should be allowed to proceed, in the absence of some other bar to the lawsuit. Here, a plain reading of Plaintiff's Complaint demonstrates he contends he was wrongfully convicted. All of the legal assertions in his Complaint challenge his trial and criminal conviction. Those claims are not cognizable in a civil rights action unless Plaintiff's conviction has already been overturned. There is no indication in the Complaint that this occurred. Plaintiff, therefore, cannot bring these claims in a civil rights action.

### III.    Conclusion

This action is dismissed pursuant to 28 U.S.C. §1915(e), for the foregoing reasons. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

August 26, 2022

*s/ David A Ruiz*
David A. Ruiz
United States District Judge